Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
Brian R.M. Nelson (State Bar No. 279620)
brian@ringstadlaw.com
RINGSTAD & SANDERS LLP
2030 Main Street, 16th Floor
Irvine, CA 92614
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>AVIIR, INC.,<br><br>Debtor.<br>_____<br><br>KAREN SUE NAYLOR, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>FRANCIS CULKIN, P.C.,<br><br>Defendant. | Case No. 8:14-bk-10508-ES<br><br>Chapter 7 Proceeding<br><br>Adversary Proc. No. _____<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL/FRAUDULENT TRANSFER**<br><br>Status Conference:<br>Date: [TO BE SET]<br>Time: [TO BE SET]<br>Place: Courtroom 5A<br>      411 West Fourth Street<br>      Santa Ana, California 92701 |

Karen Sue Naylor ("Plaintiff"), the duly-appointed and acting Chapter 7 trustee in the above-captioned bankruptcy case of Aviir, Inc. (the "Debtor"), respectfully alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to Rules 7001(1) and 7003 of the Federal Rules of Bankruptcy Procedure.

2. The United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 151, 152, 157, and 1334, 11 U.S.C. Sections 547 and 550, and General Order No. 13-05 of the United States District Court for the Central District of California, dated July 1, 2013.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A), 152(b)(2)(F), and 157(b)(2)(O).

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. Section 1409.

5. This adversary proceeding arises in and is related to the voluntary Chapter 7 bankruptcy case commonly known as *In re Aviir, Inc.* that is currently pending in this Court, Case No. 8:14-bk-10508-ES (the "Bankruptcy Case").

### PARTIES TO THE ACTION

6. Plaintiff is the duly-appointed and acting Chapter 7 trustee of the Debtor's estate.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Francis Culkin, P.C. ("Defendant"), at all times alleged herein is and has been a Colorado corporation with its principal place of business located in Denver, Colorado.

### STATEMENT OF STANDING

8. Plaintiff, as the Chapter 7 trustee in the Bankruptcy Case, has standing to bring this action pursuant to 11 U.S.C. Sections 547 and 550.

### ALLEGATIONS

9. The Bankruptcy Case was filed under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code")[1] on January 27, 2014 (the "Petition Date").

---

[1] Unless otherwise specified, all statutory references made herein are to the Bankruptcy Code.

10. Plaintiff is informed and believes that the Debtor transferred $11,666.66 to Defendant on or around November 12, 2013 (the "Transfer").

11. Plaintiff is informed and believes that the Transfer was made to Defendant, a law firm, for a lawsuit it brought on behalf of a former employee/contractor of the Debtor.

12. On August 7, 2015, Plaintiff made a demand on Defendant for repayment of the Transfer. To date, Defendant has not repaid the Transfer.

## FIRST CLAIM FOR RELIEF

**(To Avoid Preferential Transfer Pursuant to 11 U.S.C. Section 547)**

13. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. The Transfer was a transfer of an interest of the Debtor in property that was made to or for the benefit of a creditor on account of an antecedent debt owed by Debtor before the transfer was made.

15. The Transfer was made while the Debtor was insolvent.

16. The Transfer was made on or within 90 days before the Petition Date.

17. The Transfer enabled Defendant to receive more than it would have received if the Debtor's bankruptcy case were a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

**(To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. Section 548)**

18. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. The Transfer was a transfer of an interest of the Debtor in property within two years before the Petition Date.

20. The Transfer was made with the actual intent to hinder, delay, or defraud persons or entities to which the Debtor was or became, on or after the date the Transfer was made, indebted.

21. The Debtor received less than reasonably equivalent value in exchange for the Transfer and the Debtor (a) was insolvent on the date the Transfer was made, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (c) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

## THIRD CLAIM FOR RELIEF

**(To Recover Avoided Transfer from Defendant for the Benefit of the Estate Pursuant to 11 U.S.C. Section 550)**

22. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Defendant was either (a) the initial transferee of the Transfer, (b) the entity for whose benefit the Transfer was made, or (c) an immediate or mediate transferee of the Transfer.

24. Transfers avoided under 11 U.S.C. Section 547 or 11 U.S.C. Section 548 are recoverable under 11 U.S.C. Section 550.

25. Subject to potential defenses, Plaintiff is entitled to recover the value the Transfer for the benefit of Debtor's estate under 11 U.S.C. Section 550.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.    Awarding Plaintiff and requiring Defendant to pay and turn over $11,666.66, plus interest;

B.    Awarding Plaintiff and requiring Defendant to pay attorneys' fees and costs incurred in bringing this action; and,

C.    Granting such other and further relief as the Court deems just and proper.

Dated: January 19, 2016        Respectfully Submitted,

RINGSTAD & SANDERS LLP


By:    /s/ Nanette D. Sanders
       Nanette D. Sanders
General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee